SOUTHWICK, P.J.,
for the court.
¶ 1. Larry Hymes’ claim of legal malpractice was dismissed on summary judgment based on the applicable statute of limitations. On appeal, Hymes argues that the trial court used an improper date for the commencement of the limitation period. We disagree with the contention and affirm.
FACTS
¶ 2. In 1991, Larry Hymes was convicted of possession of marijuana with intent to sell or distribute and of possession of a firearm by a convicted felon. He was sentenced to a total of thirty-five years in prison. After direct appeal resulted in affirmance of the conviction, in 1995 Hymes pursued post-conviction relief based on ineffective assistance of counsel. The relief sought was eventually granted and Hymes’ conviction was vacated in May 2000.
¶ 3. In January 2001, Hymes filed a professional malpractice suit against the three attorneys who represented him in the 1991 criminal trial. The complaint alleged the attorneys’ malpractice resulted in his improper conviction and incarceration of some nine years. The attorneys were Willard L. Mcllwain, Jr., George T. Kelly, and George Dunbar Prewitt.
¶ 4. After denying in their answer all allegations of malpractice, the defendants *418 filed a motion for summary judgment on July 2, 2001, approximately one week after the court-mandated deadline for submitting motions had passed. In the order granting summary judgment, the trial court mistakenly found that Hymes had failed to file an answer to the motion. The court also found that the suit was time-barred by the expiration of the three-year statute of limitation.
DISCUSSION
¶ 5. In addition to the tort claims of negligence and professional malpractice, Hymes contends he was denied effective assistance of counsel as required by the Sixth Amendment to the United States Constitution. He urges that his claims are not time-barred as the statute of limitation on such a claim did not begin to run until his conviction was vacated.
¶ 6. For this proposition, Hymes relies upon the United States Supreme Court case of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the court addressed the claims of the petitioner, a convicted and incarcerated felon, against prosecutors and law enforcement officers involved in his case. Heck alleged the defendants had deliberately destroyed exculpatory evidence in order to convict him, thereby violating his constitutional rights and giving rise to a cause of action under section 1983 of Title 42 of the United States Code. Id. at 484, 114 S.Ct. 2364.
¶ 7. The Supreme Court analogized the substance of Heck’s claims to the common law tort of malicious prosecution. It then concluded that one of the necessary elements for succeeding in a malicious prosecution suit is that the legal proceedings have been finally resolved in favor of the accused. Id. Without such a requirement, the new litigation would be a collateral attack upon the legality of a conviction by seeking money damages through a civil suit rather than through the proper channel of habeas corpus proceedings. Id. For if such a plaintiff was successful in the civil suit, the judicial system would be faced with conflicting and irreconcilable outcomes arising out of the same event or transaction. Id.
¶ 8. Finding this reasoning sound, the Heck court held that a section 1983 claim which has the effect of casting aspersions upon the legality of either conviction or confinement if successful is not cognizable until the conviction upon which the claim is based has been legally voided. Id. at 486-87, 114 S.Ct. 2364. Hymes urges that Heck requires a finding that the statute of limitation did not begin to rim on his claims until his petition for post-conviction relief was granted in May 2000.
¶ 9. The problem with analogizing Heck to the present litigation is that this is neither a section 1983 action against governmental actors nor is it akin to a malicious prosecution suit. It is true that the Sixth Amendment obligates states to provide appointed counsel to indigent defendants, and to assure that counsel is professionally adequate. Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The Fourteenth Amendment protects individuals from constitutional violations perpetrated against them by the State but not by private individuals. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 930, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Under section 1983, the federal government has provided for civil redress against individuals who, under color of state law, deprive another of “any rights, privileges, or immunities secured by the Constitution or laws.” This has been interpreted to mean that “the conduct causing the deprivation of a federal right be fairly attributable to the State.” Id. at 937, 102 S.Ct. 2744.
*419 ¶ 10. The Supreme Court has ruled that, for purposes of section 1983 liability, public defenders are not State actors when the alleged constitutional violation arose as a result of traditional defense counsel duties. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Except for the source of payment, the relationship between public defender and client is indistinguishable from that of any other attorney and client. Id. at 318, 102 S.Ct. 445. Once a lawyer has undertaken representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, court-appointed or serving in a legal aid or defender program. Id. Thus, section 1983 was properly not used by Hymes in this case, but instead he is seeking normal professional malpractice liability.
¶ 11. Though Hymes does not proceed under section 1983, he still wants the analysis of Heck to apply insofar as concerns the statute of limitation. All that Heck provides relevant here is that were this a suit akin to malicious prosecution against State actors, the setting aside of the underlying conviction would be a prerequisite for the bringing of a damage suit. Hymes is not complaining of State action nor is he bringing a suit similar in its elements to a malicious prosecution suit. We find Heck and its statute of limitations conclusions to be inapplicable.
¶ 12. Hymes argues that this Court has already taken Heck where he wants it to go in Ott v. Mitchell, 792 So.2d 332 (Miss.Ct.App.2001). There, an imprisoned plaintiff attempted to bring a civil suit against district attorneys, law enforcement officers and confidential informants for various violations of his civil rights. We relied upon Heck because the suit was exactly what Heck was meant to address-civil suits against State actors which, if successful, would cast significant doubts upon a criminal conviction via an improper civil suit collateral attack. Thus Ott confirms our present interpretation of Heck. It does not undermine it.
¶ 13. Controlling authority in the present suit is not Heck but standard legal malpractice jurisprudence. The period of limitation in such a suit begins to run as of the date the client learns, or through reasonable diligence should have learned of his counsel’s negligence. Smith v. Sneed, 638 So.2d 1252, 1253 (Miss.1994). This was the ground upon which the trial court found the suit untimely. Hymes was not required by the operative cause of action for professional malpractice to prove that the effects of his counsel’s alleged negligence had been finally set aside. The limitation period was therefore not awaiting final resolution of the criminal matter before it would begin.
¶ 14. Hymes had reason to know his attorneys acted negligently for quite some time before filing suit against them. Ineffective assistance of counsel was the basis for vacating the sentence. The petition for post-conviction relief was filed in 1995, although it was not ultimately successful until 2000. At the very latest, the statute of limitations began to run in 1995 when it became apparent Hymes knew of his attorneys’ deficient performance. The filing of this civil suit comes too late.
¶ 15. Because the statute of limitation issue is dispositive, we need not address other issues.
¶ 16. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, *420 CHANDLER AND GRIFFIS, JJ., CONCUR. KING, P.J., NOT PARTICIPATING.