# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CP-01472-SCT

*DEBORAH M. CHAMPLUVIER*

*v.*

*SIDNEY F. BECK, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/9/2003 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | PRO SE |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 12/09/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     Deborah M. Champluvier filed a legal malpractice action against her former attorney, Sidney F. Beck, Jr., on March 14, 2003, in the Circuit Court of DeSoto County.  Beck filed a motion to dismiss, asserting that the statute of limitations had run.  The circuit court granted summary judgment in favor of Beck  Champluvier filed notice of appeal with this Court on June 23, 2003.

## FACTS

*Facts of the underlying case that led to the malpractice action*

¶2. On April 6, 1999, Champluvier's former business partner, secured a temporary restraining order against Champluvier, ordering her to turn over all records of her business, prepare an accounting, and allow representatives of the estate to access the business. Champluvier entered into a contract with Beck on April 9, 1999, wherein Beck was to represent Champluvier in the accounting.

¶3. An Agreed Order for Preliminary Injunction was entered April 12, 1999, ("April Order") ordering Champluvier to provide immediate access to the records of the business and to file an inventory and an accounting. This accounting was to be filed by May 31, 1999. On June 8, 1999, Beck filed an accounting on behalf of Champluvier, which was ruled to not satisfy the requirements for the accounting in the April Order. On June 11, 1999, an Agreed Order Granting Judicial Dissolution was entered directing Champluvier to comply with the prior orders, including filing an accounting that would comply with the April Order.

¶4. By the end of June 1999, Beck had failed to file a second accounting, and an order citing Champluvier for contempt was entered, giving her until July 19, 1999, to comply with the order for the accounting. Beck never filed a second accounting, and on July 19, 1999, Champluvier was found in contempt and incarcerated for 28 hours. After a proper accounting was filed, Champluvier was released from incarceration.

¶5. Soon after, on August 16, 1999, Champluvier delivered a letter to Beck informing him that she was terminating his employment as her attorney. On August 20, 1999, Beck filed a Motion to Withdraw. Champluvier filed a complaint against Beck with the Mississippi Bar on September 1, 1999. The order that discharged Beck from representing Champluvier was signed by the court on August 22, 2000.

*Facts of the case sub judice*

¶6.    On March 14, 2003, Champluvier filed this suit against Beck where she claimed damages for breach of contract, breach of fiduciary duty, mental anguish, overt acts causing the closing of her business, and punitive damages. Attached to her complaint was a copy of an Opinion and Judgment from the Committee on Professional Responsibility of the Mississippi Bar. Beck then filed a Motion to Dismiss alleging that the statute of limitations had run and also filed a Motion to Seal File. Beck filed the Motion to Dismiss on March 25, 2003 and put Champluvier on notice that the Motion would be heard by the Court on May 9, 2003. Attached to the Motion to Dismiss was a letter that Champluvier had written Beck, wherein she terminated his employment. Champluvier then filed a Response and Objection to the Motion to Dismiss wherein she attached the Order allowing Beck to withdraw as her attorney. The court granted Beck's Motion to Dismiss and also granted Beck's Motion to Seal File.

¶7.    Champluvier raises the following issues on appeal:

I.    Whether the Circuit Court was correct in finding that the statute of limitations had run on her claim?
II.   Whether it was error for the Circuit Court to convert a Motion to Dismiss into a Motion for Summary Judgment?
III.  Whether it was error for the Circuit Court to grant Beck's Motion to Seal File?

**ANALYSIS**

**I.    Statute of Limitations**

¶8.    Champluvier argues that the statute of limitations had not run on her claim against her attorney. She argues that the statute of limitations did not start running until August 22, 2000, because this is the day that the chancery court entered the order allowing Beck to withdraw as her attorney. Champluvier argues that under this theory, she had until August 22, 2003, to file

3

the complaint, and because she filed the complaint on March 14, 2003, her case is not time barred.

¶9. Beck argues that the statute of limitations had run and that the complaint against him is time barred. Beck argues that the statute of limitations began running when she terminated his employment on August 16, 1999, or at the latest, when she filed a complaint with the Mississippi Bar on September 1, 1999.

¶10. The application of a statute of limitations is a question of law to which the de novo standard of review applies. *Sarris v. Smith*, 782 So. 2d 721, 723 (Miss. 2001).

¶11. This Court finds that the complaint filed in this civil action against Beck on March 14, 2003, was filed after the statute of limitations had run. Therefore, Champluvier's action is time barred. This Court has held that, "[t]he statute of limitations in a legal malpractice action properly begins to run on the date the client learns or through the exercise of reasonable diligence should learn of the negligence of his lawyer." *Greenline Equip. Co. v. Covington County Bank*, 873 So. 2d 950, 956 (Miss. 2002) (citing *Smith v. Sneed*, 638 So. 2d 1252, 1253 (Miss. 1994)). The statute of limitations period for claims of legal malpractice is three years. Miss. Code Ann. § 15-1-49 (2004). Champluvier terminated Beck on August 16, 1999, and filed a bar complaint on September 1, 1999. Champluvier either knew or should have known of her lawyer's deficient performance by this time. In fact, Champluvier, "through the exercise of reasonable diligence," should have known that Beck did not comply with the Court's order that the accounting be filed on July 19, 1999.

¶12. Champluvier argues that because the order of the chancery court did not release Beck as her attorney until August of 2000, the statute of limitations did not begin to run until that

4

time. However, this Court stated in *Stevens v. Lake*, 615 So. 2d 1177 (Miss. 1993), that, "the inquiry is not whether an attorney-client relationship still exists, but when the representation of the specific matter terminated." *Id.* at 1182 (quoting 2 Mallen & Smith, Legal Malpractice §18.12 at 115 (3d ed. 1989)). In *Stevens*, this Court found that the plaintiff was time barred from bringing her legal malpractice action. *Id.* The attorney in *Stevens* had worked on the trust matter until 1980, and then continued to represent the client on other matters until 1987. *Id.* This Court found that continuing to represent the client on other matters did not toll the statute of limitations for a malpractice action relating to his representation of the trust. *Id.*

¶13. Here, Beck did not provide any services to Champluvier following the termination letter of August 16, 1999, so any misconduct would have occurred prior to this date. The order allowing Beck to withdraw was entered over a year after Champluvier terminated Beck's employment. Based on the facts of this case, Champluvier should have reasonably known of Beck's alleged deficient performance prior to this order. There is no evidence she did not know of Beck's deficient performance. Champluvier knew Beck had failed to file the accounting, was placed in contempt based on these actions, and thereafter filed a professional misconduct complaint. By filing the complaint with the Professional Conduct Committee Champluvier obviously thought Beck's representation was deficient.

¶14. A similar decision is *Hymes v. McIlwain*, 856 So. 2d 416 (Miss. Ct. App. 2003). Hymes was sentenced to thirty-five years in prison, and in 1995, pursued a post-conviction relief based on ineffective assistance of counsel. *Id.* Hymes conviction was eventually vacated in 2000 and thereafter he filed a professional malpractice suit against his attorneys.

5

*Id.* The Court of Appeals ruled that, "The petition for post-conviction relief was filed in 1995, although it was not ultimately successful until 2000. At the very latest, the statute of limitations began to run in 1995 when it became apparent Hymes knew of his attorney's deficient performance. The filing of this civil suit comes too late." *Id*. at 420.

¶15. Champluvier was held in contempt of court and incarcerated for Beck's mistakes in not filing the accounting. She thereafter terminated him and filed a complaint with the Bar regarding his actions. It is therefore reasonable to conclude that Champluvier should have known or knew of Beck's deficient performance at the time of her terminating his employment, or at the latest, at the time she filed the complaint with the Bar.

¶16. The circuit court was correct in holding that the three-year statute of limitations barred Champluvier's complaint and action.

## II. Notice

¶17. Champluvier argues that she should have been granted the appropriate notice that the motion to dismiss was to be converted into a motion for summary judgment. *See **Jones v. Regency Toyota, Inc.***, 798 So. 2d 474 (Miss. 2001). However, this Court finds that Champluvier is procedurally barred from raising this issue on appeal. "The language of Rule 12 granting a respondent to a motion to dismiss subsequently converted to a summary judgment motion an opportunity to present further material is not self-executing. A litigant desiring to avail herself of the right to present more evidentiary material has an affirmative duty to timely raise the issue with the trial court or be deemed to have waived objection to the court proceeding on the motion." ***Koestler v. Mississippi College,*** 749 So.2d 1122, 1125

(Miss. Ct. App. 1999). Champluvier did not raise this issue with the trial court, and as such, this issue is procedurally barred.

## CONCLUSION

¶18. Because issues I and II are dispositive of this case, Champluvier's third issue is not discussed. For the foregoing reasons, the judgment of the DeSoto County Circuit Court is affirmed.

¶19. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ AND CARLSON, JJ., NOT PARTICIPATING**.