LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. After working an eight-hour shift on September 4, 2003, Detective Denise McMullen of the Meridian Police Department attempted to serve a felony warrant on Billy Ray Bradley. She received an anonymous tip as to Bradley’s location but received a subsequent tip that Bradley was near the North Frontage Road in Meridian. McMullen spotted Bradley, carrying a tan suitcase, along with his girlfriend, Leslie Grady, on the frontage road and contacted the backup officers. Officers William Brunelle and Ron Brooks arrived on the scene and instructed Bradley to drop his suitcase and place his hands on the police car. Detective McMullen then approached and advised Bradley that he was under arrest. Detective McMullen then read Bradley his Miranda warnings, and Bradley was escorted to the station in a *1022 patrol car. The suitcase and Grady were also taken to the station.
¶ 2. While inventorying Bradley’s possessions at the station, the police found .22 caliber bullets in Bradley’s pocket. Inside the suitcase Officer Brunelle found, among other things, a VCR with a tape partially ejected. Officer Brunelle testified that the VCR rattled, as though it were broken. Officer Brunelle asked Bradley if the VCR worked, and as Officer Brunelle removed the tape, he discovered a pistol wedged inside the VCR. Bradley initially denied any knowledge of the gun, but Bradley later admitted that he was holding the gun for a friend.
¶ 3. On November 19, 2003, Bradley was indicted as an habitual offender pursuant to Mississippi Code Annotated Section-99-19-83 (Rev.2000), on the charge of possession of a firearm by a convicted felon in violation of Mississippi Code Annotated Section 97-37-5 (Rev.2000). On the Friday prior to trial, Bradley’s attorney filed a motion seeking to suppress any and all tangible evidence, statements and information acquired by the State from Bradley. The trial court denied the motion as untimely. Bradley was convicted and received a sentence of life in prison to be served in the custody of the Mississippi Department of Corrections (MDOC). It is from this conviction that Bradley now appeals, arguing five points- of error.
¶ 4. Finding no error, we affirm the judgment of the trial court.
DISCUSSION OF THE ISSUES
I. WERE THE GUN AND BRADLEY’S STATEMENTS IMPROPERLY ADMITTED INTO EVIDENCE?
¶ 5. In his' first assignment of error Bradley addresses two issues. Bradley contends that the search of his suitcase was in violation of the Fourth Amendment and that he was entitled to a second Miranda warning once the officers confronted him with the gun they discovered in his suitcase. Bradley argues that both the gun and the confession should have been suppressed.
A. The Gun and Bradley’s Statement
¶ 6. Bradley argues that the briefcase was searched in violation of his Fourth Amendment rights. Bradley argues that because the gun resulted from the illegal search, it should have been suppressed, along with Bradley’s confession.
¶ 7. The Fourth Amendment to the United States Constitution and Article 3, Section 23 of the Mississippi Constitution of 1890 protect against warrantless searches and seizures of personal property. There exist certain exceptions to the warrant requirement, including a consensual search, a search incident to arrest, an inventory search, a search under exigent circumstances if probable cause exists, and a search of a vehicle when making a lawful contemporaneous arrest. Graves v. State, 708 So.2d 858, 862-63 (¶22) (Miss.1997); see also Evans v. State, 823 So.2d 617, 619 (¶ 14) (Miss.Ct.App.2002).
¶ 8. Bradley’s suitcase was searched as part of a police inventory — a matter of police procedure which allows the police to properly account for and preserve items belonging to the arrestee. See Robinson v. State, 418 So.2d 749, 752 (Miss.1982). Items seized pursuant to this routine police procedure are admissible. Id. Officer Brunelle testified that they discovered the gun when they inventoried the suitcase. Officer Brunelle also testified that they conducted the inventory search in Bradley’s presence as a matter of police procedure. We find that the evidence secured from the suitcase was the result of an *1023 inventory search; thus, no warrant was necessary.
¶ 9. The State also argues that Bradley gave consent for the police to search his suitcase, for prior to opening the suitcase Bradley told the officers that they could open the luggage to retrieve Grady’s medication. However, for purposes of our review, it is sufficient for us to. end our inquiry with the inventory search. Bradley’s suitcase was opened and inventoried as part of the procedure used by the Meridian Police Department. The gun was found inside the VCR, hidden behind a protruding tape. We find no error in admitting the gun into evidence. The gun was the result of a valid search; therefore, the confession, which stemmed from the fruit of the search, would not need to be suppressed based upon Brady’s Fourth Amendment claim. This argument lacks merit.
B. Miranda Discussion
¶ 10. Bradley contends that he was given insufficient Miranda warnings, and that once the police discovered the gun he was entitled to an additional Miranda warning. Bradley does not cite authority directly in favor of this proposition. Bradley concedes that Detective McMullen testified that she read Bradley his rights when he was being arrested, and Bradley does not contest that he actually received his Miranda warnings. Instead, Bradley attacks the voluntariness of his statements to the police. We recall that “[w]hen an accused makes an in-custody inculpatory statement without the advice or presence of counsel, even though warnings and advice regarding his privilege against self-incrimination have been fully and fairly given, the State shoulders a heavy burden to show a knowing and intelligent waiver.” Neal v. State, 451 So.2d 743, 753 (Miss.1984).
¶ 11. Review of this issue is problematic at best. Although Bradley’s attorney filed a generic motion to suppress prior to trial, the trial court denied the motion finding that it was untimely filed. Thus, at the hearing on the motion to suppress, the trial court never made a finding as to whether Bradley knowingly and intelligently waived his right to silence. The failure to make such findings was similarly addressed in Gavin v. State, 473 So.2d 952 (Miss.1985). In Gavin, the defendant challenged the voluntariness of his videotaped confession. After the hearing on the motion to suppress, the trial court’s limited ruling was simply, “The motion [to suppress] is overruled.” Id. at 955. Our supreme court affirmed-the admission of the confession despite the trial court’s failure to make specific findings of fact that the confession was voluntary. The supreme court opined:
Though the trial judge did not supply us with the findings of fact we ordinarily must have to pass upon such a question, the facts in this case are sufficiently uncontradicted that we can say with confidence that the inculpatory statement was obtained consistent with [the defén-dant’s] constitutional rights and that the trial judge correctly overruled [the defendant’s] motion to suppress:

Id.

¶ 12. The record does not support Bradley’s contention that his statements were involuntary. Bradley, having been twice previously incarcerated, was familiar with the processes and procedures of an arrest. There is no indication that Bradley invoked either his right to silence or his right to an attorney, and there is no indication that Bradley was coerced or otherwise threatened to give incriminating statements. Furthermore, Detective McMullen testified, and Bradley concedes, *1024 that she administered Bradley’s Miranda warning.
¶ 13. This issue lacks merit.
II. DID THE TRIAL COURT ERR IN ADMITTING CERTAIN EVIDENCE?
¶ 14. Bradley next argues that the trial court erred in allowing certain testimony. Bradley cites the following items as error: that during the State’s opening statement the State commented that Detective McMullen had an active felony warrant for Bradley; that during voir dire a juror stated that she knew Bradley’s girlfriend through her work at the juvenile detention center; that during voir dire the State commented that Bradley had an outstanding arrest warrant against him; that Detective McMullen testified that at the time she arrested Bradley she was arresting him on outstanding felony warrants and not for his possession of a weapon; that the contents of the suitcase including a porn tape were introduced into evidence; that Detective McMullen testified that Bradley told her the name of the tape in the VCR; that Detective McMullen was a detective who specializes in sex crimes and juvenile cases; that Detective McMullen recognized Bradley from his pictures; that Detective McMullen testified that Bradley had been arrested for burglary and larceny in 1980; and that Bradley had been arrested in 1995 on a charge of attempted kidnaping.
¶ 15. Of the above contentions, Bradley’s trial counsel only objected to two of them: namely Detective McMullen’s testimony about Bradley’s arrests and her testimony regarding the videotape. Bradley argues that although he did not object to the other testimony, the admission of such testimony constitutes plain error, and he should be allowed to present his arguments on appeal.
A. Evidence of Bradley’s Prior Arrests
¶ 16. Evidence of past crimes not resulting in a conviction is generally inadmissible. Sanders v. State, 586 So.2d 792, 797 (Miss.1991). Where evidence of past crimes has been introduced, a declaration of a mistrial is proper unless “the inflammatory material had no harmful effect on the jury.” Id., quoting Shoemaker v. State, 502 So.2d 1193, 1195 (Miss.1987). Furthermore, where a trial judge sustains an objection to testimony interposed by the defense in a criminal case and instructs the jury to disregard it, the remedial acts of the court are usually deemed sufficient to remove any prejudicial effect from the minds of jurors. Vickery v. State, 535 So.2d 1371, 1380 (Miss.1988). While the testimony regarding Bradley’s prior arrest for kidnaping was improper, the trial judge sustained the objection and instructed the jury to disregard the testimony. Furthermore, prior to deliberations the trial judge specifically instructed the jury, “you are to disregard all evidence which was excluded by the court from consideration during the course of the trial.” The jury is presumed to follow the instructions of the judge. Id. This argument is without merit.
B. The Videotape
¶ 17. We next consider testimony regarding the videotape discovered in the VCR contained in the suitcase Bradley was carrying. The relevant excerpt of Detective McMullen’s testimony is reproduced below.
Q. Ok. So he admitted that he had knowledge of [the gun’s] presence and that he was in possession of it?
A. Yes, sir.
Q. The — now, when you were — during this period of time when you were— you’re asking him some questions, I assume; is that right? During this *1025 period of time when the — the bullets, I know you said that we asked him, Do you have a gun; and he said, No. This YCR is found, the gun is found inside, and I assume you asked him something specifically about this weapon, the gun that was in the VCR; is that right?
A. Well, first I asked him about a tape.
Q. About a tape?
A. About a tape that was in the VCR.
Q. Oh, okay.
A. I asked him what the name of the porn tape he was watching that was in the VCR, what the name of it was.
BY MR. JORDAN: Your Honor, we’re going to object to that as speculation, what he might have been doing prior to her arresting him. Pure speculation.
BY THE COURT: Overruled
Q. You asked him — you asked him if he knew the name of the tape that was in it?
A. Yes, sir.
Q. Did he tell you the name?
A. Yes, sir.
Q. Was it accurate?
A. To the best of my knowledge, yes, sir.
¶ 18. The standard of review for admission or exclusion of evidence is abuse of discretion. Stallworth v. State, 797 So.2d 905, 908 (¶ 8) (Miss.2001). Bradley does not make any specific argument about the admission of this testimony, and we find no abuse of discretion in allowing it.
C. Bradley’s Remaining Contentions
¶ 19. Regarding Bradley’s remaining complaints, it is well-settled law that counsel must make a contemporaneous objection to objectionable testimony so that the trial court may correct any error by instructing the jury. Alford v. State, 760 So.2d 48, 51 (¶ 10). Failure to object waives the issue on appeal. Id. at (¶ 18).
¶ 20. We apply this rationale to Bradley’s grievance with a comment made by juror number six during voir dire. We note that Bradley is not appealing the juror’s presence on the jury; instead Bradley argues'the impropriety of the following dialogue which ensued when the State asked if any of the venire knew Grady.
A. I work at the Lauderdale County Juvenile Detention Center.
Q. Oh, okay. So you know her through your work.
A. Right.
Q. Is there anything about that knowledge that would either — I mean, knowing that she was with him would either adversely affect his side or adversely affect the side of the people of Lauderdale County?
A. No.
¶ 21. In Hull v. State, 687 So.2d 708, 720 (Miss.1996), defense counsel failed to make a contemporaneous objection to statements made by the trial judge during voir dire. Our supreme court found that the failure to make a contemporaneous objection barred review of the comment. Id. at 720. Likewise, our review of this comment is also barred.
¶ 22. The one item which Bradley directly addresses is the testimony regarding his two prior felony convictions. Bradley argues that it was error to allow evidence of both of his prior felonies to establish his status as a felon. This Court reviewed a similar argument in Evans v. State, 802 So.2d 187 (Miss.Ct.App.2001). In Evans, the defendant was also charged with violating Mississippi Code Annotated Section 97-37-5 (Rev.2000). As part of its *1026 case the State put forth evidence that Evans had prior convictions for grand larceny and attempted rape. On appeal, Evans argued that this was error. Finding no error, this Court opined, “[a]s the statute does not limit the number of prior convictions the prosecution may prove and the methods it may utilize to prove them, this issue is without merit.” Id. at 140 (¶ 9). Despite Bradley’s urging to the contrary, we agree with our holding in Evans. Section 97-37-5 does not limit the State to proving that Bradley had only been convicted of one prior felony. As such, this contention lacks merit.
123. We find no abuse of discretion in allowing this testimony. Issue II lacks merit.
III. DID THE DEFENDANT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 24. Regarding a claim for ineffective assistance of counsel, our standard of review is well-settled: the defendant must prove, under the totality of the circumstances, that (1) his attorney’s performance was deficient and (2) the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss. 1995). This review is highly deferential to the attorney, with a strong presumption that thé attorney’s conduct fell within the wide range of reasonable professional assistance. Id. at 965. To rebut this presumption Bradley must show “but for” the deficiency a different result would have occurred. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 25. Bradley argues that his trial counsel made errors in five specific areas: (1) failing to file a motion to suppress the gun and his admissions concerning it; (2) allowing leading questions during Officer Brunelle’s testimony and Detective McMullen’s testimony; (3) failing to make an opening statement; (4) failing to preserve Bradley’s argument that Mississippi Code Annotated Section 97-37-5 is unconstitutional; and (5) failing to pursue his certificates of rehabilitation and failing to verify that Bradley was incarcerated for over a year by checking bed registers.
¶ 26. We dispense with Bradley’s last argument first. Bradley was convicted of violating Mississippi Code Annotated Section 97-37-5, which provides in pertinent part as follows:
(1) It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm ... unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the U.S.Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.
As a convicted felon, Bradley could carry a weapon if he met one of the three exceptions enumerated in the statute. There is no evidence in the record to support Bradley’s contention that he was the recipient of a certificate of rehabilitation, thereby allowing him to carry a firearm as a convicted felon.
¶ 27. Bradley also argues that an investigation of the bed registers of the MDOC would prove that he did not serve a year in MDOC custody as a result of his 1980 burglary conviction. This argument, like his purported certificates of rehabilitation, is not supported by the record. These allegations against his attorney are unsupported by evidence, affidavits, or witnesses, and, therefore, are insufficient to sustain his claim for ineffective assistance of counsel. Harris v. State, 822 So.2d 1129, 1132 (¶ 8) (Miss.Ct.App.2002).
*1027 ¶ 28. Our supreme court addressed Bradley’s argument regarding the constitutionality of Section 97-87-5 in James v. State, 731 So.2d 1135, 1136-37 (¶¶4-9) (Miss.1999). Upholding the restriction as a necessary exercise of the State’s police power, the supreme court opined, “[i]n limiting the possession of firearms by those persons who have been shown to present a threat to public safety, peace and order, the state is reasonably exercising its power to protect in the interest of the public.” Id. at 1137 (¶ 9). Bradley’s attempted constitutional attack on this restriction lacks merit, and Bradley has failed to show that his attorney prejudiced him in not pursuing this particular argument.
¶ 29. We next address Bradley’s contentions regarding his attorney’s trial performance. Failure to give an opening statement is not per se ineffective assistance of counsel. Branch v. State, 882 So.2d 36, 55 (¶ 42) (Miss.2004). Furthermore, Bradley has not shown that he was prejudiced by his attorney’s failure to object to leading questions during the State’s case.
¶ 30. Regarding Bradley’s argument addressing his attorney’s failure to timely file a motion to suppress, Bradley again fails to meet his burden under Strickland. Bradley must show that but for his attorney’s deficiency, the outcome of his case would have been different. As discussed in Section I of this opinion, the suitcase and its contents, along with Bradley’s confession, were properly admitted. Bradley has failed to show that had the motion been timely filed the outcome of his case would have been different. Aside from making generalized complaints about his counsel’s performance, Bradley has failed to show that he was prejudiced by the alleged deficiencies.
IV. DID THE TRIAL COURT ERR IN DENYING THE DEFENDANT’S MOTION FOR A NEW TRIAL?
¶ 31. Bradley next attacks the sufficiency of the evidence supporting his conviction, but he also argues that he is entitled to a new trial. Because the supreme court has made a distinction between the review of a denial of a motion for judgment notwithstanding the verdict based on the legal sufficiency of the evidence and review of a motion for new trial based on the weight of the evidence, we address each argument separately. See, e.g., Stewart v. State, 909 So.2d 52, 56 (¶ 14) (Miss.2005).
A. Sufficiency of the Evidence
¶ 32. A motion for a JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). “[T]his Court properly reviews the ruling on the last occasion the challenge was made in the trial court.” Id.
¶ 33. Bradley was arrested carrying a suitcase containing a VCR, which surreptitiously contained a gun. Bradley was also carrying bullets in his pocket at the time of his arrest, and Bradley admitted that he was in possession of the gun. The State produced evidence that Bradley had two prior felony convictions. Having received neither a pardon, nor a certificate of rehabilitation, nor relief due to disability, Bradley was convicted of possessing a firearm as a convicted felon. The evidence shows that elements of Section 97-37-5 were met. This issue is without merit.
B. Motion for a New Trial
¶ 34. “This Court will order a new trial only when it is convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand *1028 would sanction an unconscionable injustice.” Eakes v. State, 665 So.2d 852, 872 (Miss.1995). A motion for a new trial is addressed to the trial court’s discretion, and the motion should only be granted in “exceptional cases in which the evidence preponderates heavily against the verdict.” Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000).
¶ 35. We find no abuse of discretion in denying Bradley’s motion for a new trial. The State put forth ample evidence that Bradley was in possession of the gun. Furthermore, Bradley admitted to the police officers that he was keeping the gun for a friend. We find no evidence which would render this verdict an unconscionable injustice; thus, Issue IV is without merit.
V. WAS THE DEFENDANT’S SENTENCE SUPPORTED BY THE EVIDENCE?
¶ 36. As his final point of error, Bradley argues that his sentence was improper because he was actually ineligible to receive a life sentence. Bradley was sentenced under Mississippi Code Annotated Section 99-19-83 (Rev.2000), which provides that any person who has been convicted of a felony who has twice previously been convicted of any felony and sentenced to and served a term of one year or more shall be sentenced to life imprisonment if one of the previous felonies was a crime of violence.
¶ 37. At Bradley’s sentencing hearing, the State put forth evidence that Bradley was incarcerated for burglary from September 10, 1980, until October 14, 1981. The State also produced evidence that Bradley served time for aggravated assault from June 4, 1997, until December 3, 2000. Bradley’s argument that he was ineligible is incorrect. The record reflects that prior to the conviction sub judice, Bradley was convicted of two felonies, one of which was aggravated assault. The record also reflects that Bradley was sentenced to serve more than one year for each felony, and that Bradley served more than one year for each felony. This argument lacks merit.
¶ 38. Additionally, the record reflects that Bradley lodged no objection to the evidence presented by the State at sentencing. A contemporaneous objection is necessary to preserve this issue for appeal. Clay v. State, 881 So.2d 354, 358 (¶ 15) (Miss.Ct.App.2004). Issue V is without merit.
¶ 39. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A FELON AND SENTENCE OF LIFE AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
KING, C.J., MYERS, P.J., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.