# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00382-SCT

*VERA HARRIS*

*v.*

*VONDA G. REEVES DARBY,*
*GASTROINTESTINAL ASSOCIATES AND*
*ENDOSCOPY CENTER, LLC d/b/a GI*
*ASSOCIATES AND ENDOSCOPY*


| | |
|---|---|
| DATE OF JUDGMENT: | 09/11/2007 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT V. GREENLEE |
| | SHANE F. LANGSTON |
| ATTORNEYS FOR APPELLEES: | ROBERT H. PEDERSEN |
| | MILDRED M. MORRIS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED -09/24/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**EN BANC.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     This case involves a medical-malpractice claim and whether Mississippi Code Section

15-1-69, the savings statute, is applicable to this case.

¶2.     On August 11, 2005, Plaintiff Vera Harris, individually, and on behalf of Lula Green

(Harris) filed suit against Dr. Vonda G. Reeves Darby and the Gastrointestinal Associates

Endoscopy Center, LLC, d/b/a, GI Associates and Endoscopy Center and John Does 1-5 (the

defendants) in the Circuit Court of Hinds County.  Lula Green was the mother of Vera

Harris. Green went to GI Associates on August 10, 2004, for a esophagogastroduodenoscopy (EGD or upper endoscopy) and colonoscopy performed by Dr. Darby. The complaint alleged that Green had suffered a cecal tear and perforation of her colon. Green, consequently, went to St. Dominic's Hospital to correct and repair the tear. Harris alleged that the defendants' medical care of Green was performed with gross negligence and/or reckless indifference to Green's rights and safety.[1]

¶3.    Thereafter, on February 9, 2006, Green died of causes unrelated to the colonoscopy. Harris asserted no allegations of wrongful death. On July 16, 2007, about seventeen months after Green's death, Harris was appointed Executrix of the Estate of Lula P. Green by the Chancery Court of Hinds County, Second Judicial District. On July 20, 2007, Harris filed with the Circuit Court of Hinds County a motion to substitute parties pursuant to Rule 25 of the Mississippi Rules of Civil Procedure. Also on July 20, 2007, the defendants filed a motion to dismiss, claiming that the death of Green had rendered the lawsuit a survival action with a one-year statute of limitations, which had expired on February 9, 2007 (one year after the death of Green). In addition, the defendants asserted that no amended complaint had been filed substituting a proper party. Therefore, the defendants requested the trial court "to dismiss the case with prejudice as the named plaintiff did not have standing to maintain the lawsuit after Green's death, the estate savings statute of limitations ran before Ms. Harris was

---

[1] Harris claimed that she had "accumulated economic and non-economic damages" as a result of the care provided to Green.

appointed executrix of Green's estate, and no amendment to the complaint has been filed substituting the executrix as the proper party."

¶4.     The trial court treated the motion to dismiss as a motion for summary judgment. The trial court determined that Mississippi Code Section 91-7-237 allows an executor or administrator to prosecute a personal action when a plaintiff dies before final judgment. The trial court further determined that Green's medical-malpractice case was a personal action as contemplated by Section 91-7-237, but that Harris, in her individual capacity, had no authority to prosecute Green's medical-malpractice claim. Further, the trial court found that for seventeen months, no plaintiff had existed who was authorized by statute to pursue Green's claims. It was not until Harris was appointed executrix on July 16, 2007, when the letters testamentary were issued by the chancery court, that an authorized executrix existed to prosecute Green's claim pursuant to Section 91-7-237.

¶5.     Ultimately, the trial court determined that Harris's motion to substitute pursuant to Rule 25 was barred by Mississippi Code Section 15-1-69, the savings statute, and granted summary judgment. From this ruling, Harris appealed to the Court.

## DISCUSSION

¶6.     This Court applies a de novo standard of review to the statute of limitations. *Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 718 (Miss. 1998). Furthermore, "[t]his Court reviews grants of summary judgment under the de novo standard." *Bullard v. Guardian Life Ins. Co. of Am.*, 941 So. 2d 812, 814 (Miss. 2006). Pursuant to Rule 56 of the Mississippi Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings,

3

depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The court views the evidence in the light most favorable to the nonmoving party. ***Univ. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 817 (Miss. 2006). "The moving party bears the burden of demonstrating there is no genuine issue of material fact." *Id*. (citing ***Fletcher v. Lyles***, 999 So. 2d 1271, 1276 (Miss. 2009)).

> **I. Whether the Circuit Court Erred in Finding the Savings Statute of Mississippi Code Section 15-1-69 Applicable When Plaintiff Dies after the Suit Is Commenced and the Substituted Plaintiff Fails to File a Rule 25 Motion to Substitute Parties Within One Year of the Death of the Original Plaintiff.**

¶7. The question this Court must determine centers around whether Section 15-1-69 is triggered or even applicable when a living plaintiff files suit, dies, and the successor plaintiff fails to be substituted within one year of the original plaintiff's death. Mississippi Code Section 15-1-69 provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

4

Miss. Code Ann. § 15-1-69 (Rev. 2003). Section 15-1-69 applies to cases "where the Plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which the Plaintiff can remedy or avoid by a new process." *Marshall v. Kansas City S. Rys. Co.*, 7 So. 3d 210 (Miss. 2009) (quoting *Hawkins v. Scottish Union & Nat'l Ins. Co.*, 110 Miss. 23, 69 So. 710, 713 (1915)). Furthermore, the savings statute "applies to 'actions and original suits' dismissed for any matter of form." *Deposit Guar. Nat'l Bank v. Roberts*, 483 So. 2d 348, 353 (Miss. 1986).

¶8.     In the past, this Court has analyzed four elements in deciding whether the savings statute is triggered. The elements are whether: (1) the action has been duly commenced within the applicable statute of limitations, (2) the complaint was filed in good faith, (3) the prior suit was dismissed as a matter of form without adjudication on the merits, and (4) new action was commenced within one year of said dismissal. *Crawford v. Morris Transp., Inc.*, 990 So. 2d 162 170 (Miss. 2008). The Court did not expressly adopt these elements, but analyzed them with apparent favor.

¶9.     In the instant case, it is evident that the matter was never abated, dismissed as a matter of form, or dismissed in any manner consistent with Mississippi Code Section 15-1-69 until the trial court dismissed the action with prejudice, citing the failure to comply with the one-year statute of limitations in the savings statute. According to the plain language of the statute, in order to trigger the one-year statute of limitations, the action must be dismissed or abated in some manner. Here, the facts show this never happened prior to the defendants' Motion to Dismiss. Had the trial court dismissed this case without prejudice, the savings

statute would have applied, and Harris would have had a full year from that dismissal to re-file the suit. However, since the court granted summary judgment, it did not trigger the statute. Therefore, this Court finds that Section 15-1-69 of the Mississippi Code is inapplicable to this matter.

> **II.     Whether this Matter Is Governed by Rule 25 of the Mississippi Rules of Civil Procedure as Provided for in the Mississippi Code and Did Plaintiff Comply with the Requirements Set Forth in the Rule.**

¶10.    The issue here pertains to compliance with Rule 25 of the Mississippi Rules of Civil Procedure and its specific application in this matter. The Legislature set out the proper procedure in Mississippi Code Section 13-3-17, saying that "[s]ubstitution of parties in case of death shall be governed by the Mississippi Rules of Civil Procedure." Miss. Code Ann. §13-3-17 (Rev. 2002). Rule 25 provides:

> (a) Death.
>
> (1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons. The action shall be dismissed without prejudice as to the deceased party if the motion for substitution is not made within ninety days after the death is suggested upon the record by service of a statement of the fact of the death as herein provided for the service of the motion.

Miss. R. Civ. P. 25.  Rule 25 requires that the survival claim must not be extinguished at death. Whether an action survives death depends upon the nature of the action.

6

¶11.     Mississippi statutory law governs the survivability of claims upon the death of a party or potential party to a suit. Mississippi Code Section 91-7-237 states:

> When either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator. If such executor or administrator, having been duly served with a scire facias or summons five days before the meeting of the court, shall neglect or refuse to prosecute or defend the suit, the court may render judgment in the same manner as if such executor or administrator had voluntarily made himself a party to the suit. The executor or administrator who shall become a party shall be entitled to a continuance of the cause until the next term of the court.

Miss. Code Ann. §  (Rev. 2004).  The rule specifically states that "any personal action" survives the death of a party. *Id.* This Court has held that the term "personal action" as used in Section 91-7-237 means an action for recovery of personal property, for breach of contract, or for injury to person or property. ***In re Estate of Beckley***, 961 So. 2d 707,  710-711 (Miss. 2007) (citing ***McNeely v. City of Natchez***, 148 Miss. 268, 274, 114 So. 2d  484, 486 (1927)).  This Court also has held that actions to recover personal property, to enforce a contract, or to recover damages for breach of contract or for injury to person or property survive the death of the decedent. ***Beckley***, 961 So. 2d at 710-711, (citing ***J.H. Leavenworth & Son v. Hunter***, 150 Miss. 245, 116 So. 593 (1928)).

¶12.     According to established precedent and Section 91-7-237, this  action survived Green's death and did not have to be recommenced. Miss. Code Ann. §  91-7-237 (Rev. 2004).  Rule 25 governs the substitution of parties in situations such as this. Contrary to the opinion of the circuit court, nowhere does Rule 25 state that the substitution of parties is a

commencement of a new action; instead, it is the continuation of a prior action. Rule 25 deals with substitutions and dismissals and instructs that dismissal shall be made without prejudice if, after death is suggested on the record, the substitution is not made within ninety days. Miss. R. Civ. P. 25. It is undisputed that neither party suggested the death of plaintiff, Lula Green, upon the record.

¶13.    The situation is analogous to the facts in *Necaise v. Sacks*, in which this Court ruled that a suit may be maintained in the name of the deceased plaintiff until a proper Rule 25 substitution is made. *Necaise v. Sacks*, 841 So. 2d 1098 (Miss. 2003). In *Necaise,* as here, the plaintiff filed suit for medical negligence in the name of the then-living plaintiff. Upon his death, Necaise, as the daughter and sole beneficiary, was substituted as the plaintiff, pursuant to Rule 25. *Id*. She was named the executrix of the estate of the deceased original Plaintiff a month and a half after being substituted as the party plaintiff. *Id*. This Court ruled that Necaise could maintain the suit originally filed by her father prior to her being named executrix. *Id*.

¶14.    The defendants assert and this Court recognizes that the substitution in *Necaise* was made within one year of the death of the original plaintiff. However, in *Necaise* this Court made no reference to Section 15-1-69 or any other time bar which the plaintiff would have encountered, had there been a longer delay. The substitution was governed by Rule 25, and it met the requirements included therein. Accordingly, this Court holds that Harris complied with Rule 25, as the defendants made no suggestion of death upon the record to trigger the

8

ninety-day time requirement set out by the rule. The defendants objected only when Harris moved to be substituted for the deceased Plaintiff Green.

## CONCLUSION

¶15.     The trial court based its decision upon the applicability of the savings statute set out in Section 15-1-69 of the Mississippi Code.  This reliance was unfounded, as Mississippi Code Section 15-1-69 is inapplicable to situations such as this. The savings statute was designed as remedial legislation intended to protect the good-faith efforts of plaintiffs who make a simple mistake. The statute was not designed to penalize plaintiffs and bar the continuation of an ongoing suit. The drafters of this law surely did not intend that a suit automatically abate or be dismissed upon the death of a party.  Therefore, the lower court erred in finding the savings statute applicable in any manner to the instant suit.

¶16.     Rule 25 of the Mississippi Rules of Civil Procedure governs this situation requiring death to be suggested upon the record before any dismissal of the suit may be made. It is undisputed that death was never suggested upon the record in this case. Therefore, the judgment of the Circuit Court of Hinds County is reversed and the case is remanded for further proceedings.

¶17.     **REVERSED AND REMANDED.**

     **WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR AND CHANDLER, JJ., CONCUR. GRAVES, P.J., AND KITCHENS, J., NOT PARTICIPATING.**

9