RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Billy Ray Bradley waited until 2014 to file suit against his court-appointed counsel in a 2004 proceeding. Bradley alleges negligence against his representative, Earl Jordan, which resulted in his injury,. i.e., wrongful- incarceration. Jordan filed a motion for summary judgment, alleging that the statute of limitations had run on any claims Bradley may have had as to Jordan’s negligence or professional malpractice. The trial court entered judgment in Jordan’s favor,.finding that Bradley’s claims were barred by the statute of limitations. Bradley timely appealed. Finding that, Bradley’s. claims are time-barred, we affirm the judgment of the trial court.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On November 19, 2003, Bradley was indicted as a habitual offender pursuant to Mississippi Code Section 99 — 19—83,[1] on the charge of possession of a firearm by a convicted felon in violation of Mississippi Code Section 97-37-5 (2000). Bradley v. State, 934 So.2d 1018; 1022 (Miss.Ct.App.2005) (“Bradley I”). Jordan was appointed counsel for Bradley. Bradley “in *440 formed Jordan he had not served .a year on one of the, sentences referenced in .the indictment.”[2] However, Bradley was convicted and was sentenced on June 15, 2004, to a term of life imprisonment, to be served in the custody of the Mississippi Department of Corrections (MDOC). M
¶3. On February 5, 2014, this Court granted Bradley leave to seek post-conviction relief (PCR) in the Circuit Court of Lauderdale County on the issue- of whether he had served one year or more for a burglary conviction which was used to support the State’s allegation that Bradley Was a habitual offender, such that he could be sentenced to life imprisonment. The trial court entered an order vacating Bradley’s sentence on April- 30, 2014, finding that Bradley had not served at least one year on his burglary conviction, - and ordered his immediate release from MDOC custody.
¶ 4. On June 9, 2014, Bradley filed his complaint against Jordan, alleging that Jordan had been'negligent in his representation of Bradley by failing to investigate whether Bradley had served one year or more on the two sentences used to'support Bradley’s habitual-offender status and in failing to raise this defense at his sentencing hearing.
¶ 5. Jordan filed a motion for summary judgment, alleging that Bradley’s suit was time-barred based on Bradley’s discovery of Jordan’s alleged negligence, which occurred more than three years prior to Bradley’s filing suit. Jordan averred that Bradley specifically alleged in his complaint that “[plrior to Bradley being .sentenced he informed Jordan that he had not served a year on one of the sentences referenced in the.indictment.”
¶ 6. Based on Bradley’s own allegations in his complaint and his two suits alleging ineffective' assistance of counsel, Bradley had three years from the date he knew of his attorney’s negligence to file suit. Because Bradley did not file this suit until June 9, 2014. Bradley’s suit was time-barred.
¶7. In response, Bradley argued that the statute of limitations could not have begun to run until his request for PCR was granted and his sentence was vacated.
¶ 8. After hearing argument on the motion, the trial court determined that Bradley’s claims were barred by the statute of limitations and entered a judgment dismissing Jordan. Bradley timely appealed, arguing that the statute of limitations had not run on his complaint.
ANALYSIS
¶ 9. This Court applies a de novo standard of review to questions regarding the statute of limitations. Harris v. Darby, 17 So.3d 1076, 1078 (Miss.2009). This Court also applies a de novo standard of review for grants of summary judgment. Id. The three-year statute of limitations found in Mississippi Code Section 15-1-49 applies to actions for legal malpractice. Bennett v. Hill-Boren, P.C., 52 So.3d 364, 369 (Miss.2011) (citing Channel v. Loyacono, 954 So.2d 415, 420. (Miss.2007)). In Smith v. Sneed, 638 So.2d 1252 (Miss.1994), this Court adopted the discovery rule for legal malpractice actions, holding that the statute of limitations would begin to run at the time the client discovered or *441 through the use of reasonable diligence should have discovered his counsel’s negligence. Smith, 638 So.2d at 1258.
¶ 10. Bradley admits that, at the time of his sentencing, on'June 15, 2004, he not only1 knew that he had not served a fell year on one of his convictions, but he had informed Jordah of this fact; In his direct appeal and'in a federal suit, Bradley argued that Jordan was ineffective because he had failed1 to verify that Bradley was incarcerated for more than one year on one of his prior convictions. Bradley I, 934 So.2d at 1026; Bradley v. Brunette, (Bradley II), 2006 WL 2805218, at *1. Bradley consistently has alleged that Jordan failed to investigate Bradley’s claim that he had not served one year for one of his convictions by obtaining public records which were readily available and that Jordan failed to raise this as a defense at his sentencing hearing. Bradley should have filed his suit for negligence on or beforé June 15, 2007. Therefore, we find that Bradley’s claims are time-barred.
• ¶ 11. Bradley also argues., that this Court should apply the ruling in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and find that the statute of limitations does not begin to run in criminal legal- malpractice eases until post-conviction relief has been granted. Heck alleged that the defendants had violated his constitutional rights by deliberately destroying, exculpatory evidence in order to convict him. Id. at 484, 114 S.Ct. 2364. The Supreme Court held that, “in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed.on direct appeal, ' expunged by executive > order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus ....” Heck, 512 U.S. at 486-87, 114 S.Ct. 2364.
¶ 12. The Court of Appeals addressed this very issue in Hymes v. McIlwain, 856 So.2d 416 (Miss.Ct.App.2003), and this Court adopts the holding in that case. Hymes, like Bradley,. argued that Heck required a “finding that the statute of limitation[s] did not begin to run on his claims until his petition for post-conviction relief was granted in May 2000.” Hymes, 856 So.2d at 418. The Court of Appeals disagreed, finding that the case was not a Section 1983 case, nor was it a malicious prosecution case, as was presented in Heck. Hymes, 856 So.2d at 418.
Controlling authority in the present suit is not Heck but standard legal malpractice jurisprudence. The period of limitation in such a suit begins to run as of the date the client learns, or through reasonable diligence should have learned of his counsel’s négligence. Smith v. Sneed, 638 So.2d 1252, 1253 (Miss.1994). This was the ground upon which the trial court found the suit untimely. Hymes was not required by the operative cause of action for professional malpractice to prove that the effects of his counsel’s alleged negligence had been finally set aside. The limitation period was therefore not awaiting final resolution of the criminal matter before it would begin.
Hymes hád reason to know his attorneys acted negligently for quite some time before filing suit against them. Ineffective assistance of counsel was the basis for vacating the sentence. The petition for post-conviction relief was filed in 1995J although it was not ultimately successful until 2000. At the very latest, the statute of limitations began to run in 1995 when it became apparent Hymes *442 knew of his attorneys’ deficient performance. The filing of this civil suit comes too late.
Hymes, 856 So.2d at 419.
¶ 13. This case is analogous to Hymes. Bradley had reason to know his attorney had acted negligently when he was sentenced as a habitual offender, although he had not served a year in prison for one of his convictions. As previously stated, Bradley admitted in his Complaint that, at the time of his sentencing, on June 15, 2004, he informed his court-appointed attorney that he had not served a full year on one of his convictions. Based on Bradley’s own admissions, the statute of limitations began to run from the date of his sentencing hearing, June 15, 2004. As such, this suit is time-barred.
CONCLUSION
¶ 14. Bradley’s suit is time-barred by the applicable statute of limitations. Therefore, we affirm the judgment of the Circuit Court of Lauderdale County.
¶ 15. AFFIRMED.
DICKINSON, P.J., LAMAR, PIERCE AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND-KING, J. MAXWELL, J., NOT PARTICIPATING. !

. This section requires the State to prove that Bradley had two. previous felony convictions for which he had been sentenced to serve and had served one year or more for each conviction. See Miss.Code Ann. § 99-19-83 (Rev. 2015). ■’

. In his Motion for Post-Conviction Relief, Bradley alleged that he had served only seventy-one days and that documents were available at the time of his trial and sentencing from the Jackson County Circuit Clerk and the Jackson County Sheriffs Department showing he had served only seventy-one days. He argued that his trial counsel "failed to investigate that matter after Bradley requested him to do so, and failed to raise a defense at Bradley’s sentencing hearing.''[1]