IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. On June 12, 2008, Tennessee Properties, Inc. (TPI) filed a complaint to adjudicate title to property located in Verona, Mississippi. Southern Pilot Insurance Co. had foreclosed on the property on June 12, 1998. On August 31, 1998, Larry Gillen-tine purchased the property from Southern Pilot. Gillentine financed the purchase through Renasant Bank, which took a secured interest in the property.
 

 ¶ 2. In its complaint, TPI argued that Southern Pilot’s foreclosure sale was unauthorized because TPI had paid the underlying debt secured by the property. Alternatively, TPI argued that the sale was void because it did not comply with the terms of the deed of trust, which required a sale by public outcry. TPI asserted that because Southern Pilot’s foreclosure sale was void, Gillentine’s warranty deed was also void.
 

 ¶ 3. Gillentine filed a motion to dismiss under Rule 12(b) of the Mississippi Rules of Civil Procedure, arguing that TPI had failed to serve process on Southern Pilot, to join Renasant as a necessary party under Rule 19 of the Mississippi Rules of Civil Procedure, and to file its claim within
 
 *697
 
 the general three-year limitations period set forth in Mississippi Code Annotated section 15-1-49 (Rev.2003). Additionally, Gillentine sought sanctions in the form of attorney’s fees and court costs under Rule 11(b) of the Mississippi Rules of Civil Procedure.
 

 ¶ 4. The Lee County Chancery Court dismissed the complaint as time-barred, but it denied Gillentine’s motion for Rule 11 sanctions. Feeling aggrieved, TPI appeals and argues that the chancery court erred in applying the wrong limitations period to its claim and in refusing to find that the limitations period was tolled because of concealed defects in the foreclosure sale. Gillentine filed a cross-appeal, arguing that the chancery court erred in failing to award Rule 11 sanctions.
 

 ¶ 5. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 6. On December 8, 1986, Dr. Herbert Brewer executed a warranty deed conveying his interest in the subject property to TPI. On August 2, 1989, TPI executed a deed of trust in favor of The People’s Bank and Trust Co., now known as Renasant, to secure a promissory note. For reasons that are not explained in the record, Rena-sant assigned the promissory note and the associated deed of trust to Southern Pilot on March 20,1996.
 

 ¶ 7. On June 12, 1998, Southern Pilot foreclosed on the deed of trust and successfully bid on the property. Southern Pilot received a substituted trustee’s deed, which it recorded on July 28, 1998. On August 31, 1998, Southern Pilot executed a warranty deed and sold the property to Gillentine.
 

 ¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 9. A Mississippi appellate court employs a limited standard of review on appeals from chancery court.
 
 Corp. Mgmt. v. Greene County,
 
 23 So.3d 454, 459 (¶ 11) (Miss.2009). As such, we “will not disturb the factual findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneousf,] or applied an erroneous legal standard.”
 
 Id.
 
 (quoting
 
 Biglane v. Under The Hill Corp.,
 
 949 So.2d 9, 13-14 (¶ 17) (Miss.2007)). However, questions of law, including a chancery court’s application of the statute of limitations, are reviewed de novo.
 
 Fletcher v. Lyles,
 
 999 So.2d 1271, 1276 (¶ 20) (Miss.2009).
 

 1. Statute of Limitations
 

 ¶ 10. TPI argues that the chancellor erred in applying the general, three-year statute of limitations set forth in section 15-1-49.
 
 [1]
 
 TPI asserts that the ten-year statute of limitations applicable to actions to recover land applies to its claim.
 
 [2]
 
 
 *698
 
 We disagree. TPI contends that it had paid the debt secured by the property, and, therefore, Southern Pilot wrongfully foreclosed on its property. The Mississippi Supreme Court has held that the general, three-year statute of limitations applies to actions for wrongful or fraudulent foreclosures.
 
 S. Land & Res. Co. v. Dobbs,
 
 467 So.2d 652, 655 (Miss.1985). TPI filed its complaint on June 12, 2008-exactly ten years after Southern Pilot had foreclosed on the property. As such, the chancery court did not err in finding that TPI’s claim of wrongful foreclosure was time-barred. This issue is without merit.
 

 ¶ 11. Alternatively, TPI argues that the ten-year statute of limitations applicable to defective instruments applies to its claim.
 
 [3]
 
 TPI contends that the foreclosure sale did not comport with the terms of the substituted trustee’s deed because it was not made by public outcry. In support of its allegation, TPI filed the affidavit of Richard Stanley, who stated that he was present at the courthouse on June 12, 1998, and intended to bid on the property; however, he did not see anyone attempt to sell the property by public outcry.
 

 ¶ 12. While TPI alleges that Southern Pilot failed to conduct its sale of the property by public outcry and, consequently, failed to comply with the terms of the deed of trust, the record does not contain the substituted trustee’s deed.
 
 [4]
 
 Our supreme court has stated that “[t]he appellant has ‘the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal.’ ”
 
 Oakwood Homes Corp. v. Randall,
 
 824 So.2d 1292, 1293 (¶ 4) (Miss.2002) (citing
 
 Burney v. State,
 
 515 So.2d 1154, 1160 (Miss.1987) (overruled on other grounds)).
 
 *699
 
 Furthermore, an appellate court must “decide each case by the facts shown in the record, not assertions in the brief.”
 
 Id.
 
 at (¶ 3) (citing
 
 Burney,
 
 515 So.2d at 1160). Because we do not have the substituted trustee’s deed before us, we cannot determine whether it required a sale of the property by public outcry or whether the instrument was defective. This issue is without merit.
 

 2. Tolling of the Statute of Limitations
 

 ¶ 13. TPI argues that even if the general, three-year statute of limitations applies to its claim, the doctrine of concealed fraud tolled the limitations period. While the doctrine of concealed fraud may toll the statute of limitations, it does not apply to matters of public record.
 
 O’Neal Steel, Inc. v. Millette,
 
 797 So.2d 869, 875 (¶22) (Miss.2001). Our supreme court has held that “where an alleged fraudulent conveyance of real property is recorded and available to the public, there can be no concealed fraud preventing the running of statute of limitations.”
 
 Id.
 
 at 876 (¶ 26).
 

 ¶ 14. TPI contends that the public-record exception to the concealed-fraud doctrine does not apply to its claim because the alleged defects in the foreclosure sale could not have been discovered by reviewing the land records. As discussed above, we do not have the substituted trustee’s deed in the record before us; therefore, we cannot determine whether the sale complied with the terms of the deed of trust, nor can we determine whether the alleged defects rose to the level of concealed fraud and tolled the statute of limitations. This issue is without merit.
 

 3. Rule 11 Sanctions
 

 ¶ 15. In his cross-appeal, Gillentine argues that the chancellor erred in refusing to award sanctions under Rule 11(b) in the form of attorney’s fees and court costs. Gillentine argues that sanctions are appropriate because TPI failed to perform a diligent search of the land records, to properly join Renasant under Rule 19, and to serve process on Southern Pilot.
 

 ¶ 16. Under Rule 11(b), a trial court may order a party to pay expenses or attorney’s fees “[i]f any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay....” M.R.C.P. 11(b). A motion or pleading is frivolous “only when, objectively speaking, the pleader or movant has no hope of success.”
 
 In re Spencer,
 
 985 So.2d 330, 339 (¶ 28) (Miss.2008) (quoting
 
 City of Madison v. Bryan,
 
 763 So.2d 162, 168 (¶ 28) (Miss.2000)).
 

 ¶ 17. The chancery court found no basis for an award of sanctions under Rule 11(b), and based on our review of the record, we do not find that the chancery court abused its discretion. While TPI’s case against Gillentine, a subsequent purchaser for value, might have been weak, our supreme court has held that “[tjhough a case may be weak or ‘light-headed,’ that is not sufficient to label it frivolous.”
 
 Leaf River Forest Prods., Inc. v. Deakle,
 
 661 So.2d 188, 195 (Miss.1995) (citing
 
 Nichols v. Munn,
 
 565 So.2d 1132, 1137 (Miss.1990)). Furthermore, there is no evidence in the record that TPI’s claim was intended to harass Gillentine. This issue is without merit.
 

 ¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF LEE COUNTY IS AFFIRMED ON DIRECT AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANT/CROSS-APPELLEE AND THE APPELLEE/CROSS-APPELLANT.
 

 
 *700
 
 LEE, C.J., GRIFFIS, P.J., MYERS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES AND RUSSELL, JJ., NOT PARTICIPATING.
 

 [1]
 

 . Section 15-1-49(1) provides:
 

 All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
 

 [2]
 

 . Mississippi Code Annotated section 15-1-7 (Rev.2003) provides in pertinent part:
 

 A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same.
 

 [3]
 

 . Mississippi Code Annotated section 15-1-11 (Rev.2003) provides in pertinent part:
 

 Any person who has a right of action for the recovery of land because of any one or more of the following enumerated defects in any instrument, shall institute his suit therefor not later than 10 years next after the date when such instrument has been actually recorded in the office of the clerk of the chancery court of the county in which such real estate is situated and not afterwards:
 

 (1) where it has not been signed by the proper officer of any corporation;
 

 (2) where the corporate seal of the corporation has not been impressed on such instrument;
 

 (3) where the record does not show such corporate seal;
 

 (4) because the record does not show authority therefor by the board of directors and stockholders (or either of them) of a corporation;
 

 (5) where such instrument was executed and delivered by a corporation which had been dissolved or whose charter had expired, or whose corporate franchise had been cancelled, withdrawn or forfeited;
 

 (6) where the executor, administrator, guardian, assignee, receiver, master in chancery, agent or trustee, or other agency making such instrument, signed or acknowledged the same individually instead of in his representative or official capacity;
 

 (7) where such instrument is executed by a trustee without record of judicial or other ascertainment of the authority of such trustee or of the verity of the facts therein recited;
 

 (8) where the officer taking the acknowledgment of such instrument having an official seal did not affix the same to the certificate of acknowledgment;
 

 (9) where the notarial seal is not shown of record;
 

 (10) where the wording of the consideration may or might create an implied lien in favor of the grantor (by this is not meant an express vendor’s lien retained).
 

 [4]
 

 . On July 28, 2010, TPI filed a motion to modify the record to include the substituted trustee's deed. However, TPI failed to submit a copy of the deed to the clerk of the chancery court for certification as required by Rule 10(e) of the Mississippi Rules of Appellate Procedure, and our supreme court dismissed the motion without prejudice. There is no indication that TPI made another attempt to supplement the record on appeal.