KING, C.J.,
 

 for the Court:
 

 ¶ 1. Angela Humphries and Kevin From-me sued Pearlwood Apartments Partnership; Calhoun Development, Incorporated; Mac-Re, LLC; and Calhoun Property Management, Incorporated (hereinafter collectively referred to as Pearlwood), alleging that the construction and maintenance of the apartment complex caused flooding and damage to them property. The Rankin County Circuit Court granted Pearlwood’s motion for summary judgment, finding that Humphries’s and From-me’s claim was time-barred. Aggrieved, Humphries and Fromme appeal, raising one issue: whether the trial court erred by finding that their claim is barred by the statute of limitations. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In June 2002, Humphries and From-me purchased a home in Pearl, Mississippi, which was located downhill from the Pearl-wood Apartments. Before moving into the home, an insurance agent told Humphries and Fromme that the patio area had water damage that had been caused by flooding.
 

 ¶ 3. Humphries and Fromme’s property flooded in October 2002. Neighbors told Humphries and Fromme that the area began flooding after trees were cut down to build the apartment complex. On February 23, 2006, Humphries and Fromme filed a lawsuit against Pearlwood, alleging, in pertinent part, that:
 

 6. ... In the construction and maintenance of the Pearlwood Apartments, the natural flow of rain water was negligently disrupted, so that drainage now flows in the home of the Plaintiffs.
 

 7. The Defendants owed a duty to the Plaintiffs and others to construct and maintain their property so as not to alter the natural flow of water in such a manner as to cause damage to “down stream” property.
 

 8. As a proximate result of the negligence of the Defendants in changing the natural flow of water and the failure of the Defendants to properly maintain their property so as to prevent “down stream” damage, the Plaintiffs have been damaged in the amount of $90,000 by repeated flooding.
 

 Pearlwood filed its answer on June 8, 2006, denying fault and asserting affirmative defenses. Thereafter, the parties attempted to settle the case, which proved to be unsuccessful.
 

 
 *1135
 
 ¶4. On February 17, 2009, Pearlwood filed a motion for summary judgment and argued that: Humphries and Fromme discovered or should have discovered their alleged claim against Pearlwood in October 2002; they failed to file suit within three years of this date; thus, the claim is time-barred. In response, Humphries and Fromme argued that the home flooded numerous times between October 2002 to March 2003, and they timely filed them lawsuit within three years of the March 2003 flood. On June 12, 2009, Humphries and Fromme filed a motion to amend their complaint to allege that, after this lawsuit was filed, they learned that Pearlwood negligently repaired and maintained its retention pond, which caused additional flooding and damage to their property. They attached letters from the City of Pearl to Pearlwood as evidence regarding the maintenance of the retention pond.
 

 ¶ 5. On August 3, 2009, the trial court granted Pearlwood’s motion for summary judgment. Humphries and Fromme filed a motion to reconsider, and the trial court denied the motion. Aggrieved, Humphries and Fromme timely filed this appeal.
 

 STANDARD OF REVIEW
 

 ¶ 6. An issue concerning the statute of limitations is a question of law, which is subject to a de novo standard of review.
 
 Fletcher v. Lyles,
 
 999 So.2d 1271, 1276 (¶ 20) (Miss.2009). In addition, this Court reviews the trial court’s grant or denial of a motion for summary judgment under a de novo standard of review.
 
 Id.
 
 At the trial level, “[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
 

 ANALYSIS
 

 ¶ 7. Humphries and Fromme contend that the trial court erred by finding that their claim is time-barred, arguing that the flooding caused by the construction of Pearlwood is a continuing tort that tolled the statute of limitations. Hum-phries and Fromme also argue that Pearl-wood failed to provide proper maintenance of its retention pond, storm drains, and curb inlets, which caused more flooding and damage to them property. Conversely, Pearlwood argues that: the flooding was not a continuing tort; Humphries and Fromme admitted that they believed Pearlwood was the cause of the flooding as early as October 2002; Humphries and Fromme failed to file their complaint within three years of this date; thus, the claim is time-barred.
 

 ¶ 8. We must determine whether the flooding is a continuous tort sufficient to toll the three-year statute of limitations. “A ‘continuing tort’ is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation.”
 
 Pierce v. Cook,
 
 992 So.2d 612, 619 (¶ 25) (Miss. 2008) (quoting
 
 Stevens v. Lake,
 
 615 So.2d 1177, 1183 (Miss.1993)). Thus, the continuing-tort doctrine will not be applicable where the harm results from one wrongful act or omission.
 
 Id.
 
 (citation omitted).
 

 ¶ 9. Humphries and Fromme cited two cases in support of their position:
 
 Pierce
 
 and
 
 Robertson v. Chateau Legrand Property Owner’s Association,
 
 39 So.3d 931 (Miss.Ct.App.2009). In
 
 Pierce,
 
 the Mississippi Supreme Court ruled that a plaintiffs claim for intentional infliction of emotional distress was a continuing tort where the defendant committed repeated acts of mis
 
 *1136
 
 conduct during his affair with the plaintiffs wife until the couple filed for divorce.
 
 Pierce,
 
 992 So.2d at 619-20 (¶ 26). Accordingly, the supreme court ruled that the statute of limitations ran from the date of the last offense.
 
 Id.
 

 ¶ 10. In
 
 Robertson,
 
 the plaintiff, a condominium owner, filed a lawsuit against the property owners’ association for a continuing trespass based on its allegedly renting the plaintiffs condominium without his consent.
 
 Robertson,
 
 39 So.3d at 937-38 (¶ 18). The supreme court stated that a new cause of action was created every time the defendant rented the plaintiffs condominium without his consent.
 
 Id.
 
 at 939 (¶ 24). However, the supreme court found that the plaintiff did not have a cause of action for a continuing trespass because he implicitly consented to the renting of his condominium.
 
 Id.
 
 at 939-40 (¶¶ 26-30).
 

 ¶ 11. In
 
 Pierce
 
 and
 
 Robertson,
 
 the defendants repeatedly committed an overt act; which gave rise to a new cause of action. Humphries and Fromme’s case is distinguishable. In their complaint, Hum-phries and Fromme alleged that Pearl-wood negligently constructed and maintained its property, which disrupted the natural flow of rain water and caused their property to flood. In their response to the motion for summary judgment, Humphries and Fromme stated that after the October 2002 flood, they learned from neighbors that the flooding had begun after Pearl-wood removed trees to build the apartment complex. We find that the construction of the apartment complex was one event, not a repeated action.
 

 ¶ 12. “Where the tortuous act has been completed ... the period of limitations will not be extended on the ground of a continuing wrong.”
 
 Peavey Elecs. Corp. v. Baan U.S.A., Inc.,
 
 10 So.3d 945, 955 (¶ 23) (Miss.Ct.App.2009). The pleadings and depositions show that Humphries and Fromme knew as early as October 2002 that Pearlwood could have been responsible for the flooding. Thus, the statute of limitations began to run at this time. Because Humphries and Fromme failed to file their lawsuit within three years of this date, we find that their claim is barred by the statute of limitations.
 

 ¶ 13. Citing
 
 O.D. Lauck, d/b/a Meridian Memorial Park Cemetery v. Gilbert,
 
 252 Miss. 371, 393, 173 So.2d 626, 637 (1965), Humphries and Fromme argue that: “[Rjepeated flooding caused by failure to clean out ditches of growth and debris is conduct of omission which rises to the level of a continuing trespass.” As previously mentioned, Humphries and Fromme filed a motion to amend their complaint to allege that, after this lawsuit was filed, Pearlwood failed to provide proper maintenance of its retention pond, which had caused additional flooding and damage to their property. The trial court did not rule on this motion. There is no evidence that Humphries and Fromme brought their motion back to the trial court’s attention. As the movants, it was Humphries’s and Fromme’s duty to obtain a ruling on the motion and failing to do so constitutes an abandonment of the motion.
 
 See
 
 U.R.C.C.C. 2.04;
 
 see also Anderson v. McRae’s, Inc.,
 
 931 So.2d 674, 678 (¶ 10) (Miss.Ct.App.2006). Thus, this issue is without merit.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.