ROBERTS, J., for the Court:
¶ 1. On October 20, 2008, Amanda Edwards, Dextra Davis, Hilda Johnson, Heather Davis, Brian Walden, Kimberly Taylor, and Donna Smith (collectively Employees) filed suit in the Hinds County Circuit Court against American General Life and Accident Insurance Company and its employee Brian Muse (collectively AGLA) raising claims of fraud and misrepresentation. AGLA filed a motion to compel arbitration, which the circuit court denied in an order filed on April 27, 2010. Feeling aggrieved, AGLA appeals the circuit court’s denial of its motion to compel arbitration.
FACTS AND PROCEDURAL HISTORY
¶2. Beginning in April 2007, the Employees signed and executed individual applications for employment as sales agents with AGLA. The employee applications (Application) contained a paragraph binding the applicants to the AGLA Employee Dispute Resolution Program (EDRP) should an employment-related dispute arise. The language is as follows:
Certain American International Group Companies have adopted [EDRP], which include both informal and formal means, including binding arbitration, as the sole method of resolving most employment-related disputes. Seeking or accepting employment with [AGLA], means that I agree to resolve employment-related claims against the company or another employee through this process instead of through the courts. No right of court action exists. Likewise, the company agrees to resolve these types of disputes it may have with me through the same EDRP rather than through court action. I am still free to consult or a file a complaint with any governmental agency, such as the EEOC, regarding my legally protected rights. However, if I am not satisfied with the results of the government agency process, this program must be used instead of the court system. The details of the applicable EDRP, including any limitations or exclusions are furnished to each employee and are available to applicants upon request. I agree that if I either apply for or accept employment with [AGLA] all covered claims and disputes that arise either as part of the hiring process or during employment, if I am hired, will be subject to the terms of the applicable [EDRP].
All of the Employees were hired and began working for AGLA by August 2007; *185 however, before beginning work for AGLA, each of the Employees also signed a document entitled “Sales Employee Agreement” (Agreement) outlining the conditions of employment, including the procedure for resolving employment-related legal claims. The provision states: “The sales employee agrees that the [AGLA EDRP], as it may be amended from time to time, is the exclusive means for resolving employment-related legal claims with [AGLA].” The provision further states that the EDRP “covers any matter relating to the relationship between the Employee and [AGLA], including all claims or disputes arising out of the interpretation or enforcement of any duties, rights, or obligations of the parties set forth in this Agreement; all claims amounting to common law tort or pursuant to public policy; and all claims under any federal, state, or local human rights or employment rights statute or wage and hour statute....” In addition to signing the Agreement, the Employees also signed an “Employee Acknowledgment Concerning [AGLA’s EDRP.]” This document served as the Employees’ acknowledgment that they received a copy of the EDRP and that they were “required to adhere to the [EDRP] and its requirement of submission of employment disputes for resolution, including its requirement for final resolution of all disputes by binding arbitration.”
¶ 3. Subsequent to the execution of these three documents, the Employees began working for AGLA. After beginning work, the Employees became dissatisfied with the compensation they were receiving because it was substantially less than the amount Muse had initially told them they would receive. The Employees then filed suit against AGLA and Muse raising multiple counts including the following: fraudulent misrepresentation and inducement, constructive fraud, fraudulent deceit, unjust enrichment, breach of implied covenants of good faith and fair dealing, negligence, aiding and abetting, infliction of emotional distress, and declaratory judgment.[1] AGLA filed a motion to compel arbitration. The circuit court heard AGLA’s motion to compel arbitration on July 13, 2009, and denied that motion on April 23, 2010. Based on this denial, AGLA filed its notice of appeal and raises one issue. The case below has been stayed until resolution of this appeal.
¶ 4. AGLA argues on appeal that the circuit court “erred in refusing to enforce arbitration agreements between [the Employees] and [AGLA] where the arbitration agreements are in writing, signed by each [of the Employees], and encompass all claims arising from their employment and application for employment.”
ANALYSIS
¶ 5. AGLA’s sole argument on appeal is that the circuit court erred in denying its motion to compel arbitration since the arbitration agreements that all of the Employees signed when they applied to work for and before they began work at AGLA were binding on the Employees’ claims. When reviewing the grant or denial of a motion to compel arbitration, the standard of review that this Court employs is de novo. Citigroup Global Mkts., Inc. v. Braswell, 57 So.3d 638, 641 (¶ 8) (Miss.Ct.App.2011). It is also important to note that when reviewing a ruling on a motion *186 to compel arbitration, this Court does not weigh the merits of the underlying claims. Scruggs v. Wyatt, 60 So.3d 758, 766 (¶ 16) (Miss.Ct.App.2011) (quoting Terminix Int’l, Inc. v. Rice, 904 So.2d 1051, 1054-55 (¶ 7) (Miss.2004)).
¶ 6. Our first step in analyzing the validity of a motion to compel arbitration is to look to the Federal Arbitration Act (FAA), which provides:
A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
9 U.S.C. § 2 (2006). Based on this language, a two-pronged inquiry is conducted by this Court. “ ‘The first prong has two considerations: (1) whether there is a valid arbitration agreement and (2) whether the parties’ dispute is within the scope of the arbitration agreement.’ The second prong of the inquiry is ‘whether legal constraints external to the parties’ agreement foreclosed arbitration of those claims.’ ” Braswell, 57 So.3d at 641 (¶ 9) (quoting East Ford, Inc. v. Taylor, 826 So.2d 709, 713 (¶¶ 9-10) (Miss.2002)). In his order denying AGLA’s motion to compel arbitration, the circuit judge found the Employees’ claims were not within the scope of the arbitration agreements because each of the claims arose prior to applying for employment with AGLA. We disagree and find the Employees’ claims do fall within the scope of the arbitration agreements; therefore, we find the circuit court erred in denying AGLA’s motion to compel arbitration.
¶ 7. It is undisputed by either party that the arbitration provisions found in both the Application and the Agreement were valid. The Employees’ contention is that they were told false and misleading information regarding salary and bonuses from Muse prior to applying for employment and beginning work with AGLA; therefore, the claims brought in the Employees’ complaint arose prior to them being bound by the arbitration agreements they had signed. Put another way, the Employees contend their claims are outside of the scope of the arbitration agreements because they were not employees or even applicants when the misconduct occurred. The Employees argue their claims of fraud and misrepresentation occurred prior to applying for employment because Muse contacted them and convinced them to quit their current jobs with promises of certain salaries and bonuses they would receive at AGLA. Based on Muse’s salary representations, all the Employees quit their jobs, applied for jobs with AGLA, and began to work for AGLA.
¶ 8. The Mississippi Supreme Court and this Court have long recognized that “a cause of action ‘accrues’ when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.” Forman v. Miss. Publishers Corp., 195 Miss. 90, 14 So.2d 344, 346 (1943). In order to become an enforceable tort claim, proof of the following four elements must be present: duty, breach of duty, causation, and actual damage. Bullard v. Guardian Life Ins. Co. of America, 941 So.2d 812, 815 (¶ 11) (Miss.2006). It is not vested until all four elements are present. Further, “[i]n the absence of damage, no litigable event arose.” Fletcher v. Lyles, 999 So.2d 1271, 1277 (¶23) (Miss. *187 2009) (quoting Bullard, 941 So.2d at 815 (¶ 9)).
¶ 9. In the current case, the Employees did not have an enforceable claim until they suffered damages. They could not have suffered damages until they quit their former jobs to begin work for AGLA. Based on our review of the record, the Employees had signed the arbitration agreements three times before quitting their former jobs and commencing work for AGLA. They are bound by the arbitration agreement because their claims only became vested when they suffered damages which was after they had agreed to arbitrate all employment-related legal issues. Therefore, the denial of AGLA’s motion to compel is reversed; judgment rendered to grant the motion to compel; and the case is remanded for further proceedings consistent with this opinion.
¶10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.

. On December 2, 2008, AGLA filed a notice of removal to remove the case from the circuit court to the United States District Court for the Southern District of Mississippi, Jackson Division. AGLA filed a motion to compel arbitration in the district court. The district court found that it lacked subject matter jurisdiction and remanded the case to the circuit court on March 31, 2009.