## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-CP-01079-COA

**MARY J. ARCHER**                                                    **APPELLANT**

**v.**

**MITCHELL J. CREEL**                                                    **APPELLEE**

DATE OF JUDGMENT:                06/22/2015
TRIAL JUDGE:                     HON. L. BRELAND HILBURN
COURT FROM WHICH APPEALED:       WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          MARY J. ARCHER (PRO SE)
ATTORNEY FOR APPELLEE:           KINNEY M. SWAIN
NATURE OF THE CASE:              CIVIL - LEGAL MALPRACTICE
TRIAL COURT DISPOSITION:         GRANTED MOTION FOR SUMMARY
                                 JUDGMENT
DISPOSITION:                     AFFIRMED: 09/13/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT**:

¶1.     Mary Archer filed this action against Mitchell Creel in the Washington County Circuit Court. The trial court found that the statutes of limitation precluded Archer's claims and granted Creel's motion for summary judgment. We find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On March 6, 2010, Archer signed an employment contract to retain Creel to represent her brother with his post-conviction proceedings, including appearing at his sentencing hearing and filing his posttrial motions. As part of the agreement, Archer paid Creel a $10,000 retainer. Creel appeared at the sentencing hearing. However, he referred the

preparation of the motions for a new trial and a judgment notwithstanding the verdict (JNOV) to another attorney, Julie Epps. According to the record, Epps and Creel submitted the motions to the trial court on May 10, 2010.

¶3. On August 24, 2010, Archer sent a letter to Creel terminating his employment. Archer alleged that Creel breached his contract and did not render the services promised. On September 11, 2011, Archer filed a complaint against Creel with the Mississippi Bar Association. The Mississippi Bar conducted an investigation and dismissed the complaint in a letter dated April 13, 2012.

¶4. After the Mississippi Bar ended its investigation, Archer filed her complaint on April 21, 2014. The complaint alleged fraud, breach of contract, and legal malpractice. On May 29, 2015, Creel filed a motion for summary judgment. Creel argued the statutes of limitation for each claim expired prior to the commencement of Archer's suit. On June 25, 2015, the trial court granted Creel's motion. Archer now appeals.

## STANDARD OF REVIEW

¶5. "This Court applies de novo review to the grant of summary judgment." *Bennett v. Hill-Boren P.C.*, 52 So. 3d 364, 368 (¶12) (Miss. 2011) (quoting *Fletcher v. Lyles*, 999 So. 2d 1271, 1276 (¶20) (Miss. 2009)). "When reviewing the evidence on summary judgment, the Court should view the evidence in the light most favorable to the nonmovant." *Id.* Further, "[t]his Court applies a de novo standard of review to the statute of limitations." *Fletcher*, 999 So. 2d at 1276 (¶21).

## ANALYSIS

¶6. Archer contends that the trial court erred when it determined that the statutes of limitation began to run on her claims on August 24, 2010, when she terminated Creel's employment. Rather, Archer argues the statutes of limitation were tolled until the Mississippi Bar dismissed her complaint on April 13, 2012. Alternatively, Archer asserts that Creel never obtained permission to withdraw from the case, which tolled the statutes of limitation until Creel was removed from the case.

¶7. A three-year statute of limitations applies to legal-malpractice claims. *Bradley v. Jordan*, 182 So. 3d 439, 440 (¶9) (Miss. 2016) (citation omitted). The Mississippi Supreme Court has held that "the statute of limitations in a legal malpractice action properly begins to run on the date the client learns or through the exercise of reasonable diligence should learn of the negligence of his lawyer." *Champluvier v. Beck*, 909 So. 2d 1061, 1063 (¶11) (Miss. 2004) (quoting *Greenline Equip. Co. v. Covington Cty. Bank*, 873 So. 2d 950, 956 (¶17) (Miss. 2002)). This is known as the discovery rule. *Bennett*, 52 So. 3d at 369 (¶15). "The discovery rule is applied when the facts indicate that it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." *Id.* (citation and internal quotations omitted). Therefore, this Court must determine when Archer first learned of Creel's alleged legal malpractice.

¶8. Archer sent a letter to Creel alleging a breach of contract and deficient performance on August 24, 2010. The letter also served as a notice of termination of Creel's services. Creel admits that he received the letter and mailed a response on September 2, 2010. He contends that this letter demonstrated that Archer knew of a potential legal-malpractice claim

as of the date of Archer's letter.

¶9.    Archer, however, disputes this date as the start of the statute-of-limitations period. Rather, Archer asserts that her complaint with the Mississippi Bar tolled the running of the statute of limitations until the Mississippi Bar investigation concluded.  Archer reasons that the pending Mississippi Bar complaint constituted an agency action, which precluded her from filing a civil suit before exhausting her administrative remedies.  As such, Archer contends that she could not file her legal-malpractice action before dismissal of the Mississippi Bar complaint on April 13, 2012.  This argument, however, fails.

¶10.   "When primary jurisdiction is properly invoked, the agency and not a court should make the first decision; the doctrine of exhaustion of remedies requires that judicial review occur only after the administrative agency has made a complete decision."  Jeffrey Jackson, *Encyclopedia of Mississippi Law* § 2:72 (2015).  Thus, Archer's argument for the exhaustion of her administrative remedies only applies if the Mississippi Bar enjoys primary jurisdiction over her legal-malpractice action.  The supreme court, however, has "exclusive and inherent jurisdiction in matters pertaining to attorney discipline."  *Miss. Bar v. Robinson*, 918 So. 2d 1264, 1265 (¶5) (Miss. 2005) (citing R. Discipline Miss. State Bar 1).  As such, Archer's argument fails, and the pendency of the Mississippi Bar complaint did not require Archer to wait before filing suit.

¶11.   Additionally, "[c]auses of action for breach of contract are subject to the three-year statute of limitations[.]" *Wallace v. Greenville Pub. Sch. Dist.*, 142 So. 3d 1104, 1106 (¶8) (Miss. Ct. App. 2014) (citing Miss. Code Ann. § 15-1-49 (Rev. 2015)).  Likewise, fraud

4

claims have a three-year statute of limitations. *Sanderson Farms Inc. v. Ballard*, 917 So. 2d 783, 789 (¶29) (Miss. 2005). Both statutes of limitation arise under section 15-1-49, which holds that these claims arise "when it comes into existence as an enforceable claim[.]" *Anderson v. LaVere*, 136 So. 3d 404, 411 (¶¶32-33) (Miss. 2014).

¶12.    Like the legal-malpractice claim, Archer stated in the August 24, 2010 letter that she believed Creel breached the employment contract. In fact, Archer titled the letter "Re Notification of Breach of Contact [sic]." Further, in her complaint, Archer stated that she received a copy of the employment contract that she alleged was altered by Creel. Archer admitted she received this copy on August 24, 2010, and used this allegedly altered contract as the basis of her fraud claim. Therefore, Archer knew that each of her claims arose as of August 24, 2010.

¶13.    Because the Mississippi Bar proceedings did not toll the statute of limitations, the August 24, 2010 letter sufficiently shows that Archer knew of Creel's alleged legal malpractice as early as that date. Also on this date, Archer admitted that she received a copy of the employment contract that she believed was altered and demonstrated Creel's "fraudulent activities" and that Creel breached their employment contract. Under the applicable statute of limitations, Archer had until August 24, 2013, to file her action. Based on this evidence, Archer failed to timely file her suit. For these reasons, this Court affirms the trial court's decision to grant Creel's motion for summary judgment.

¶14.    **THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

5

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.  JAMES, J., NOT PARTICIPATING.**